FILED
SEP 27 2007
NF
9/27/07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dicam, Inc.<br><br>    *Plaintiff*,<br><br>-v-<br><br>United States Cellular Corporation, LG Electronics Mobilecomm U.S.A., Inc., Audiovox Corporation, Kyocera Wireless Corp., Nokia, Inc., Samsung Telecommunications America, L.L.P.,<br>    *Defendants*. | **07CV 5472**<br>**JUDGE SHADUR**<br>**MAGISTRATE JUDGE COLE**<br>No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Dicam, Inc. ("Dicam") by and through counsel, for its Complaint against Defendants U.S. Cellular Corporation, LG Electronics Mobilecomm U.S.A., Inc., Audiovox Corp., Kyocera Wireless Corp., Nokia, Inc. and Samsung Telecommunications America, L.L.P. (collectively "Defendants") alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Dicam is a Virginia corporation and has a principal place of business in Charlottesville, Virginia.

2. Defendant United States Cellular Corporation ("U.S. Cellular") is a Delaware Corporation and has a principal place of business at 8410 W. Bryn Mawr, Ave., #700, Chicago, IL 60631.

3. Defendant LG Electronics Mobilecomm U.S.A., Inc.("LG"), formerly known as LG

1

InfoComm U.S.A., Inc., is a California corporation and has a principal place of business at 10225 Willow Creek Rd., San Diego, CA 92131.

4. Defendant Audiovox Corporation ("Audiovox") is a Delaware corporation and has a principal place of business at 150 Marcus BLVD., Hauppauge, NY 11788.

5. Defendant Kyocera Wireless Corp. ("Kyocera Wireless") is a Delaware corporation and has a principal place of business at 10300 Campus Point Dr., San Diego, CA 92121.

6. Defendant Nokia, Inc. ("Nokia") is a Delaware corporation and has a principal place of business at 6000 Connection Dr., Irving, TX 75039.

7. Defendant Samsung Telecommunications America, L.L.P. ("Samsung") is a Delaware corporation and has a principal place of business at 1130 E. Arapaho Rd., Richardson, TX 75082.

## NATURE OF ACTION

8. This is an action for infringement of United States Patent No. 4,884,132 ("the '132 patent") under 35 U.S.C. § 271.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, *et seq*. This Court has subject matter jurisdiction over the action under 28 U.S.C. §1331 and 1338.

10. Based on the facts and causes alleged herein, this Court has personal jurisdiction over Defendants.

11. Venue is proper in this Court under 28 U.S.C. §1391 and 1400(b).

## FACTUAL BACKGROUND

12. On November 28, 1989 the '132 patent was issued to inventors James A. Morris, Terry F. Morris and Frank O. Birdsall for a personal security system including a handheld unit.

13. On July 13, 2007, the '132 patent was duly and properly assigned to Plaintiff together with all right, title and interest in and to the '132 patent in the United States, expressly including the right to sue for all damages for past, present and future infringements of the '132 patent. Since that date Plaintiff has and still is the owner of the '132 patent.

### U.S. CELLULAR

14. U.S. Cellular is the sixth-largest wireless service carrier in the United States and serves 6 million customers in 26 states.

15. U.S. Cellular provides cellular services in the Northern District of Illinois and operates several store locations within the district including 30 N. LaSalle St., Chicago, IL 60602 and 48 S. Clark St., Chicago, IL 60603.

16. U.S. Cellular has sold, offered for sale and advertised cellular telephones embodying the patented invention including those manufactured by Defendants LG, Audiovox, Kyocera Wireless, Nokia and Samsung.

17. U.S. Cellular has been infringing the '132 patent by selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 patent.

### LG

18. LG is the North American wireless division of LGE, a business unit of LG Electronics. LG is a manufacturer of cellular phones which are sold and advertised by U.S. Cellular throughout the Northern District of Illinois.

19. LG cellular phones are sold, offered for sale and advertised through U.S. Cellular.

20. LG has made, sold, offered for sale, imported, and used products embodying the patented invention.

21. LG has been infringing the '132 patent by selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 patent.

## AUDIOVOX

22. Audiovox is a supplier and manufacturer of wireless communications products, mobile entertainment, security products, and consumer electronics products. Audiovox cellular phones are sold and advertised throughout the Northern District of Illinois by U.S. Cellular.

23. Audiovox cellular phones are sold, offered for sale and advertised through U.S. Cellular.

24. Audiovox has made, sold, offered for sale, imported and used products embodying the patented invention.

25. Audiovox has been infringing the '312 patent by selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 patent.

## KYOCERA WIRELESS

26. Kyocera Wireless is a manufacturer of wireless consumer products including cellular phones. Kyocera Wireless cellular phones are sold and advertised throughout the Northern District of Illinois by U.S. Cellular.

27. Kyocera Wireless cellular phones are sold, offered for sale and advertised by U.S. Cellular.

28. Kyocera wireless has made, sold, offered for sale, imported, and used products embodying the patented.

29. Kyocera Wireless has been infringing the '312 patent by selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 patent.

## NOKIA

30. Nokia is a leading manufacturer of mobile devices including cellular phones. Nokia cellular phones are sold and advertised throughout the Northern District of Illinois by U.S. Cellular.

31. Nokia cellular phones are sold, offered for sale, and advertised through by U.S. Cellular.

32. Nokia has made, sold, offered for sale, imported, and used products embodying the patented invention.

33. Nokia has been infringing the '312 patent by selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 patent.

## SAMSUNG

34. Samsung provides a variety of personal and business communications throughout North America including wireless infrastructure, fiber optics and cellular phones. Samsung is a manufacturer of cellular phones which are sold and advertised throughout the Northern District of Illinois by U.S. Cellular.

35. Samsung cellular phones are sold, offered for sale, and advertised through U.S. Cellular.

36. Samsung has made, sold, offered for sale, imported, and used products embodying the patented invention.

37. Samsung has been infringing the '312 patent by selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 patent.

## COUNT I
### (PATENT INFRINGEMENT)

38. Paragraphs 1 through 37 are incorporated by reference as if fully restated herein.

39. Defendants have been infringing the '132 patent by making, selling, offering for sale, importing, and using products embodying the patented invention during the enforceable patent term of the '132 patent.

40. After a reasonable opportunity for further investigation and discovery Plaintiff is likely to have evidentiary support that Defendants have willfully infringed the '132 patent.

## DEMAND FOR JURY TRIAL

41. Plaintiff requests a trial by jury for all issues appropriately tried to a jury.

**WHEREFORE**, Plaintiff demands

    i. damages no less than a reasonable royalty;

    ii. an assessment of interest and costs against defendants;

    iii. a finding of willful infringement;

    iv. a finding that this action is an exceptional case under 35 U.S.C. § 285;

    v. an award of treble damages and reasonable attorneys' fees; and

    vi. any and all such other relief as this Court deems just and proper under the circumstances.

Dated: September 27, 2007

*/s/ Robert B. Breisblatt*
A. Sidney Katz (1411853)
Robert B. Breisblatt (0287946)
Sherry L. Rollo (6283866)
WELSH & KATZ, LTD.
120 South Riverside Plaza,
22nd Floor
Chicago, Illinois 60606

Mark D. Obenshain
LENHART OBENSHAIN PC
90 North Main Street, Suite 201
PO Box 22803
Harrisonburg, VA 22803

**Counsel for Plaintiff**