IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DICAM, INC.,                          )
                                      )
                Plaintiff,            )
                                      )
       v.                             )    No.  07 C 5472
                                      )
UNITED STATES CELLULAR CORPORATION,)
et al.,                               )
                                      )
                Defendants.           )

MEMORANDUM ORDER

Dicam, Inc. ("Dicam") has just filed a patent infringement

action against U.S. Cellular Corporation ("U.S. Cellular") and a

number of manufacturers of products that allegedly infringe

Dicam's United States Patent No. 4,884,132 ("the '132 Patent").

This memorandum order is issued sua sponte because of what

appears to be a problematic aspect of Dicam's Complaint.

Although Complaint ¶16 charges that U.S. Cellular has sold,

offered for sale and advertised cellular telephones that include

those manufactured by its five codefendants, it seems most likely

that each of those codefendants produces a discrete product.[1]

And if that is so, of course it is entirely possible that some of

those products may, while others may not, infringe the '132

Patent.[2]

---

[1]  If instead the manufacturers are making the identical
product on orders from U.S. Cellular, this order's directive may
be disregarded.

[2]  Nothing said here, of course, makes or implies any
findings as to the validity of the '132 Patent or as to any

That being the case, this Court sees no legitimate reason

(surely not the saving of $1,400 in filing fees) for packaging

what are really five different lawsuits into this single

proceeding.  If U.S. Cellular is indeed common to the claims

against each manufacturer, what Dicam should do instead is to sue

a pair of defendants--U.S. Cellular and a manufacturer--in each

of five separate lawsuits.

One indicium of why that is appropriate is that if such

lawsuits were to be filed separately and if a motion to reassign

the higher-numbered cases to the calendar of the District Judge

with the lowest-numbered case on grounds of relatedness were then

to be brought under this District Court's LR 40.4, it would be

highly doubtful that the actions would qualify for such treatment

because of their inability to satisfy the criterion embodied in

LR 40.4(b)(4).  That does not mean of course that the separate

cases could not qualify for coordinated discovery under the

supervision of the Judge having the lowest-numbered case, as is

frequently done in such situations.

Accordingly Dicam is ordered to dismiss four of the

manufacturer defendants from this action forthwith, obviously

without prejudice to its ability to bring comparable separate

actions against them.  In the meantime this Court is issuing its

customary initial scheduling order, with the understanding that

---

infringement issues.

it will be applicable to U.S. Cellular and the chosen remaining

manufacturer defendant.

_____
Milton I. Shadur
Senior United States District Judge

Date:   September 28, 2007